UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| LOIS COOK | ) | |
| | ) | |
| v. | ) | NO. 2-03-CV-184 |
| | ) | |
| CONNECTICUT GENERAL LIFE | ) | |
| INSURANCE COMPANY | ) | |

**O R D E R**

This employment matter is before the Court to address a Motion for Summary Judgment filed by the defendant. [Doc. 22]. The plaintiff has conceded that she cannot prevail on her tort claims against the defendant and has only addressed the defendant's Motion for Summary Judgment in regard to her workers' compensation claim. Therefore, it is hereby **ORDERED** that the defendant's motion for summary judgment in regard to the plaintiff's tort claims is **GRANTED**, and plaintiff's tort claims are **DISMISSED**.

In regard to the plaintiff's workers' compensation claim, summary judgment is proper only where no genuine issue of material fact exists and the moving

party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Vaughn v. Watkins Motor Lines, Inc.,* 291 F.3d 900, 903 (6th Cir. 2002).

Considering the evidence, including the affidavit of the plaintiff, in the light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable inferences, the Court finds that there is a material dispute of fact in regard to whether or not the plaintiff gave actual notice to her employer of her worker's compensation claim and in regard to whether or not the plaintiff's alleged mental injury arises out of and in the course her employment with the defendant   Accordingly, it is hereby **ORDERED** that the defendant's motion for summary judgment in regard to the plaintiff's worker's compensation claim is **DENIED.**

It is hereby **ORDERED** that the Plaintiff's Motion for the Entry of an Order Requiring the Defendant to Furnish the Plaintiff Psychiatric Treatment, [Doc. 33], is **DENIED** for the following reasons:

    1. The plaintiff has not been employed by defendant since September of 2002,

2

2. The plaintiff has been employed by Russell County Medical Center since August of 2004, and

3. There is a material dispute of fact in regard to whether or not her alleged mental injury arises out of and in the course of employment.

Plaintiff's Motion to Reschedule the Trial Date and Other Pretrial Deadlines is **MOOT.** [Doc. 36].

Pursuant to LR16.4 of the Local Rules of the United States District Court for the Eastern District of Tennessee, it is hereby **ORDERED** that this case proceed to mediation within the next sixty (60) days. It is also hereby **ORDERED** that the final pretrial and the trial of this cause are **CANCELLED**.

The parties shall report on the results of mediation on or before May 2, 2005. If mediation has been unsuccessful, this case will be reassigned for trial at that time.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
